Vermont Superior Court
Filed  07/30/21
Washington Unit

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT  05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 202-4-18 Wncv

---

**Harmony Holdings, LLC vs. Lounsbury et al**

---

## ENTRY REGARDING MOTION

Title:  Motion to Dismiss  (Motion: 30)
Filer:  Jan Van EckLinda Van Eck
Filed Date:  July 14, 2021

The motion is DENIED.

*Harmony Holdings LLC v. Lounsbury*, No. 202-4-18 Wncv

The Van Ecks' Motion to Dismiss and
Continued Proceedings on Possession following the Moratorium

This is a long-pending eviction case filed by residential Landlord Harmony Holdings Inc. that was stayed initially by the court at the onset of the pandemic.  The court's stay then was superseded by the statutory moratorium on evictions.  2019, No. 101, § 1(c) (Adj. Sess.).  By the time of the stay, the court had conclusively determined that: (1) though there had been a "misnomer" (initially referring to Mr. and Ms. Van Eck by Ms. Van Eck's maiden name Lounsbury) (corrected by amendment), there had never been any mistaken identity of anyone other than the Van Ecks as the real parties in interest; (2) a rental agreement between the parties subject to statutory ejectment proceedings existed; (3) a rent–escrow order had issued; (4) the Van Ecks had never made any payments as required by the order (and still have not); and (5) a writ of possession had issued; (6) of which the Van Ecks had notice subject to a tack order (supplemented by a mailing) following their success at avoiding personal service.  The case was stayed following notice of the writ but before its enforcement.

The moratorium, which lasted as long as the declared state of emergency, ended at midnight on June 15, 2021.  See Addendum 16 to Amended and Restated Executive Order No. 01-20.  The court so notified the parties and scheduled this case for a status conference.  Prior to the status conference, the Van Ecks filed a motion to dismiss.  The issue of possession was addressed at the conference.

The Van Ecks' motion to dismiss is denied.  In it, they rehash many of the same meritless arguments that they have repeatedly advanced throughout the litigation and which do not warrant further response now.  Regarding the argument that the initial misnomer instead misidentified the defendants (i.e., the wrong people had been sued), the court addressed that issue expressly at a hearing on May 7, 2018.  The court then established for the record that the Van Ecks, even though initially referred to incorrectly as the Lounsburys, were in fact the "right" people.  Defendants conceded that, and they have always conceded that they in fact are the same people living in the home owned by Landlord, that they are the same people who have appeared to defend in this case, and the same people who have filed counterclaims.

As for the moratorium, it is over.  Act 101 itself prescribes what happens next:

(f) Writs of possession already issued.
    (1) A writ of possession that was issued by a court prior to the effective date of this act is stayed as of the start date of the emergency period and resumes running when the Governor terminates the state of emergency by declaration.
    (2) If a writ of possession was issued but not executed prior to the effective date of this act, then after the Governor terminates the state of emergency by declaration:
        (A) the plaintiff shall serve or serve again the writ to the defendant; and
        (B) the plaintiff shall be restored to possession not sooner than 14 days after service.

2019, No. 101, § 1(f) (Adj. Sess.).

Under the circumstances, and particularly considering the long delay in enforcement of the writ, the court will operate under section (f)(2) above.  A new writ with a 14-day date of possession shall issue.  This order supersedes other orders or entries which may have issued prior to passage of Act 101.  The tack order dated January 31, 2020, shall continue in force and effect, and service of the writ shall be under that order (personal service is not required).

At the status conference, Mr. Van Eck argued that any action on the issue of possession should be preceded by a motion requesting that relief from Harmony and full briefing by Defendants.  Act 101 does not countenance any such further delay.  No such motion or briefing is necessary.  Harmony's entitlement to possession was fully established long ago.

The court also notes that Mr. Van Eck's argument that somehow Harmony's principal did something during the moratorium that now gives Harmony "unclean hands" and entitles the Van Ecks to continued possession has no merit.  The Van Ecks still have their counterclaims.  However, Harmony's right to possession has been conclusively determined and will not be revisited.

Order

      For the foregoing reasons, the Van Ecks' motion to dismiss is denied.  A new 14 day writ shall issue promptly as set forth above, subject to the court's January 31, 2020 Order Authorizing Service by Process of Tacking.

Robert R. Bent,
Judge